# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM LEE GRANT, II,**

    **Plaintiff,**

    v.

**CENTRIAL INTELLIGENCE AGENCY,** *et al.,*

    **Defendants.**

Civil Action 2:19-cv-5052
Judge George C. Smith
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, William Lee Grant, II, an Illinois resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

# I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1], which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, when considering a *pro se* plaintiff's Complaint, a Court "must read [the allegations] with less stringency . . . and accept the pro se plaintiff's allegations as true, unless they are clearly irrational or wholly incredible." *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (internal citation omitted).

## II.

Plaintiff's handwritten Complaint contains approximately 100 numbered paragraphs and names the Central Intelligence Agency and "Special Collection Service" as Defendants. (Compl. ECF No. 1-2.) The following are a sample of the allegations contained in Plaintiff's Complaint:

3

- "The Commander-in-Chief (Ronald Reagan) Directed the Office of the Secretary of Defense to create Mr. Grant to predict future nuclear attacks." (*Id*. at PAGEID # 7.)

- "The Office of the Secretary of Defense created Mr. Grant created Mr. Grant at Air Force Systems Command in 1990, and then transferred Mr. Grant to the basement of the Pentagon." (*Id*.)

- "Gregory K. Harris directed Mr. Grant's dentists and orthodontist to drill the enamel off Mr. Grant's teeth." (*Id*. at PAGEID # 9.)

- "Mr. Grant was forced to 'act gay' for seven (7) years, or the DOD would have sent someone to rape Mr. Grant." (*Id*. at PAGEID # 11.)

Mr. Grant also advances numerous allegations against celebrities, government officials, and government agencies.

Moreover, the undersigned's review of PACER reveals that Plaintiff has brought numerous lawsuits around the county attempting to litigate these very same fantastic allegations. Indeed, Plaintiff attaches an October 30, 2019 Order of Dismissal from the District of Alaska in which that Court notes that a search of filings for Plaintiff returned 131 filings. (ECF No. 1-2 at PAGIED # 40 n. 21.)

The allegations Plaintiff sets forth in his Complaint are so implausible as to render his Complaint frivolous. A claim is frivolous if it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The former occurs when "indisputably meritless" legal theories underlie the complaint, and the latter when it relies on "fantastic or delusional" allegations. *Id*. at 327–28. This Court is not required to accept the factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Because Plaintiff's claims are predicated on allegations that rise to the level of being "irrational or wholly incredible" and "fantastic or delusional," his Complaint fails to

meet the facial plausibility standard such that it is legally frivolous. It is therefore **RECOMMENDED** that the Court dismiss this action pursuant to Section 1915(e)(2).

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE